STOULIG, Judge.
Plaintiffs, James H. and Louise J. Stewart, filed suit in the First City Court of New Orleans for $1,000 damages allegedly incurred as the result of an automobile ac *466 cident in Martin County, Florida. It is alleged Louise Stewart was driving her husband’s automobile on the Florida Turnpike when it was struck in the rear by a Hertz rental car driven by Rolando Estrudo, a resident of the City of Hato Rey, Commonwealth of Puerto Rico. Named defendants were The Hertz Corporation, owner of the rental car, and The Royal Indemnity Company,[1] its then current liability insurer. Defendants pleaded the decli-natory exceptions of “no jurisdiction and/or venue of this cause of action” and further urged the doctrine of lex loci delic-ti as “still being controlling.”
From a judgment maintaining the exceptions and dismissing this action, plaintiffs have appealed.
Both defendants are foreign corporations qualified to do business in the State of Louisiana. Service of process was made on The Hertz Corporation through its designated agent for service of process, C T Corporation System, in New Orleans and on The Royal Indemnity Company through the Secretary of State. Thus, both are amenable to service of process in Louisiana and subject to the jurisdiction of our courts.
The argument in support of the declina-tory exceptions urged by the defendants seems to address itself primarily to venue. Plaintiffs filed suit in the First City Court of New Orleans[2] under the authority of LSA-C.C.P. art. 42, subsection 4. It provides :
“The general rules of venue are that an action against:
* * * * * *
(4) A foreign corporation licensed to do business in this state shall be brought in the parish where its principal business establishment in the state is located * * * ”
Defendants contend Article 42 is a general procedural rule inapplicable to tort actions, because LSA-C.C.P. art. 74 is special legislation that deals particularly with venue in actions for damages resulting from offenses or quasi offenses. We quote the portion of said article which the defendants urge is controlling:
“An action for recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.” (Emphasis supplied.)
We see no conflict between Articles 42 and 74 and even if it be assumed that one does exist, LSA-C.C.P. art. 45(3) authorizes plaintiff to “bring the action in any venue provided by any applicable article.” Both articles (42 and 74) state where a particular action “may” be brought. Among the rules of construction prescribed in the Code of Civil Procedure is Article 5053, providing in part: “The word ‘shall’ is mandatory, and the word ‘may’ is permissive.”
In this case plaintiff had the option of filing suit in the courts of Louisiana under LSA-C.C.P. art. 42(4) at the principal place of business of one of the co-defendant foreign corporations qualified to do business in this state, or in the courts of Florida, where the offense and damage occurred. They chose the former and thereby conferred venue upon the First City Court of New Orleans.
Although service of process was obtained on Royal Indemnity Company in Baton Rouge through the Secretary of State, outside the jurisdiction of the First *467 City Court of New Orleans, it is nonetheless properly before the trial court by virtue of LSA-C.C.P. art. 73, which states in part:
“An action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.”
Having validly obtained jurisdiction and venue over The Hertz Corporation through service of process on its registered agent, C T Corporation System, at its principal business office, 1300 Hibernia Building, New Orleans, Louisiana, within the territorial jurisdiction of the First City Court, that court also acquired jurisdiction and venue over the obligor, Royal Indemnity Company, alleged to be solidarily liable with The Hertz Corporation.
Defendants have further argued it would be inequitable to compel them to defend a lawsuit in Louisiana when the witnesses and the other driver are beyond the subpoena power of this court. Were we to compel plaintiffs to litigate in Florida they would be at a greater disadvantage. The other driver could not be compelled to appear in a Florida court since he is a resident of Puerto Rico. In addition, litigation is an integral part of both defendants’ business and they are better able to defend a suit at a place where they are established in business than are the plaintiffs able to travel to Florida to prosecute an isolated claim.
At this stage we will not discuss the plea of lex loci delicti since the procedural and substantive aspects of this case will not become apparent until the matter is tried on the merits.
For the reasons assigned, the judgment appealed from is reversed and this matter is hereby remanded for further proceedings consistent with the views herein expressed. Costs of this appeal are to be assessed against the parties cast in judgment.
Reversed and remanded.

. Misnomer changed.

. LSA-C.C.P. art. 4839 states rules of venue outlined in Articles 41-45 and 71-79 apply to actions brought in city courts and the word “parish” used in these articles is to be construed to mean the territorial jurisdiction of the court where suit is filed.